UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**JAMES BLACK, by his guardian**
**SHERWONDER GRIFFIN,**

        Plaintiff,

   **-vs-**                            **Case No. 13-C-312**

**RYAN R. NELSON, STEVEN J. ARTS, and**
**"John Doe,"**

        Defendants.

## DECISION AND ORDER

The plaintiff, James Black, was beaten and sexually assaulted by his prison cellmate, Richard Thompson. Black suffered severe and permanent neurologic injuries that render him unable to care for himself. Thompson is currently serving a life sentence for an earlier homicide but is being prosecuted by the state for assaulting Black. That prosecution remains pending, and the defendants, the correctional officers responsible for placing Black and Thompson in the same prison cell, move to stay this lawsuit either until the Thompson prosecution is resolved or until December 31, 2013, whichever is earlier, at which point the defendants would likely renew their motion if the Thompson prosecution has not been resolved.

District courts have discretion to stay civil proceedings pending the outcome of criminal proceedings. *United States v. 6250 Ledge Rd.*, 943 F.2d 721, 729 n.9 (7th Cir. 1991). The concept which underlies this discretion is that the district court can

spare a defendant of making the choice between "risking a loss in their civil cases by invoking their Fifth Amendment rights, or risking conviction in their criminal cases by waiving their Fifth Amendment rights and testifying in the civil proceedings." *Jones v. City of Indianapolis*, 216 F.R.D. 440, 451 (S.D. Ind. 2003). Hence, the entire premise of the defendants' motion is faulty because they are not being prosecuted. That said, the district court obviously has the discretion to stay proceedings that are pending before it, even if the defendants' Fifth Amendment rights are not implicated. "The power of a federal trial court to stay its proceedings, even for an indefinite period of time, is beyond question. This power springs from the inherent authority of every court to control the disposition of its cases." *Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)).

In deciding whether to grant a stay, the court "must first identify a pressing need for the stay. The court must then balance interests favoring a stay against interests frustrated by the action. Overarching this balancing is the court's paramount obligation to exercise jurisdiction timely in cases properly before it." *Id.* Defendants argue that that the criminal proceeding should proceed unfettered and without interruption, but again, it is unclear why the status of the criminal proceedings is of interest to them. In any event, a stay will do basically nothing to "simplify the issues in question and streamline the trial" or "reduce the burden of litigation on the parties and on the court." *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920

(W.D. Wis. 2010) (listing factors).  Again, the issue in the criminal case is whether Thompson is guilty beyond a reasonable doubt of battering Mr. Black; the issue in this case is whether the defendants should have kept Thompson away from Black.  It is not as if any sort of verdict in the criminal case would have a preclusive impact on the issues in this case.  Even if there was some peripheral benefit to awaiting the conclusion of the criminal case, the progress of that action has been waylaid by Thompson's erratic behavior, such that Thompson was ordered to undergo a competency exam (according to a June 18 docket entry in *State of Wisconsin v. Thompson*, 2012 CF 1095 (Brown County Cir. Ct.), Thompson was found competent to stand trial).  It is unfair to the plaintiff's interests to force him to sit on the sidelines while the criminal case against the man who beat him within an inch of his life slowly lurches towards resolution.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Defendants' motion to stay [ECF No. 5] is **DENIED**;

2. Pursuant to Federal Rule of Civil Procedure 16(b), a telephonic scheduling conference is scheduled for **August 21, 2013** at **10:30 a.m.** (Central Time).  Please be available at that time.  The Court will initiate the call.

3. The purpose of the conference call is to establish a scheduling order which will limit the time: (a) to join other parties and to amend the

- 3 -

pleadings; (b) to file motions; (c) to complete discovery;

4. The scheduling order may also: (a) modify the timing for disclosure under Rules 26(a) and 26(e)(1) and of the extent of discovery to be permitted; (b) provide for the disclosure or discovery of electronically stored information; (c) include any agreements the parties reach for asserting claims of privilege or protection as trial preparation material after information is produced; (d) the date or dates for conferences before trial, a final pretrial conference, and trial; and (e) any other matters appropriate in the circumstances of the case;

5. The time limitations set forth in the scheduling order may only be modified for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4);

6. The parties should be prepared to discuss the matters listed in Civil Local Rule 16(a)(1). Please refer to Attachment A. Special attention should also be given to Rule 26(f)(1), which requires the parties to conduct a settlement/discovery conference at least twenty-one (21) days prior to the initial scheduling conference described above. The Rule 26(f) conference may be conducted by telephone. Rules 26(f)(2) and (3) mandate that the parties, within fourteen (14) days of their conference: (a) file a written report outlining the proposed discovery plan they have developed at their Rule 26(f) conference; and (b) make

- 4 -

the required initial disclosures under Rule 26(a) regarding witnesses and documents. In addition to the matters specified in Rules 26(f)(2) and (3), the Court requests that the proposed discovery plan submitted by the parties include one or two sentences stating the nature of the case;

7. The written report must include the telephone numbers where the parties can be reached for this call.

Dated at Milwaukee, Wisconsin, this 25th day of June, 2013.

        **BY THE COURT:**

        _/s/ Rudolph T. Randa_
        **HON. RUDOLPH T. RANDA**
        **U.S. District Judge**